IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CALLIE MAE COX, et al.                                                                    PLAINTIFFS

V.                                                          CIVIL ACTION NO.: 2:08CV74-SA-SAA

PANOLA COUNTY, MISSISSIPPI, PHYSICIANS
AND SURGEONS HOSPITAL GROUP D/B/A
TRI-LAKES MEDICAL CENTER, ROBERT
MAYFIELD, M.D., BONNIE DAUGHERTY,
RITA COOK AND JOHN DOE 1-10                                                         DEFENDANTS

## ORDER DENYING
## TRI-LAKES MEDICAL CENTER'S MOTION TO DISMISS

Presently pending before the Court is Defendant Tri-Lakes Medical Center's Motion to Dismiss [9]. The Court finds that Tri-Lakes Medical Center's Motion to Dismiss is not well taken and therefore is **DENIED**. Specifically, the Court finds as follows:

**I.      Factual Background**

This action, originally filed in the Circuit Court of the Second Judicial District of Panola County, Mississippi, was removed under the authority of 28 U.S.C. § 1331. Plaintiffs filed this action based upon the alleged wrongful death of Roderickus Cox ("Cox"). According to Plaintiffs, Cox was booked at the Panola County Jail at approximately 8:40 a.m. on June 11, 2007. At the time, Cox was suffering from a gunshot wound to his right thigh. He was transported by ambulance to the Tri-Lakes Medical Center ("Tri-Lakes") where he was received at approximately 5:25 p.m. in cardiac arrest. Attempts to revive Cox were unsuccessful, and he was later pronounced dead. An autopsy was performed, and it was determined that Cox died as a result of external exsanguination (loss of blood) due to the gunshot wound. Plaintiffs allege that Defendants' actions proximately caused Cox's demise.

## II.    Standard of Review

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F. 2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F. 3d 512, 514 (5th Cir. 1995) (quoting Leffall v. Dallas Indep. Sch. Dist., 28 F. 3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F. 2d 1045, 1050 (5th Cir. 1982).

## III.   Discussion

In support of its motion to dismiss, Tri-Lakes argues that Plaintiffs failed to comply with the notice requirement of Mississippi Code Section 15-1-36(15). Under Mississippi law, health care providers are entitled to sixty (60) days prior written notice of intent to bring an action based on the provider's negligence. Miss. Code Ann. § 15-1-36(15). Tri-Lakes contends it never received a written notice of intent to bring an action from Plaintiffs. However, Plaintiffs argue that on September 17, 2007, Plaintiffs mailed by certified U.S. Mail a written notice pursuant to Mississippi Code Section 15-1-36(15) to the Administrator of the Tri-Lakes Medical Center at 303 Medical Center Drive, Batesville, Mississippi. Plaintiffs attached a copy of the written notice and the certified mail receipt to their response. Additionally, Plaintiffs provided a tracking and confirmation notice evidencing that said notice was delivered at 12:16 p.m. on September 18, 2007. Therefore, the Court finds Plaintiffs complied with the written notice requirement, and Tri-Lakes' Motion to

Dismiss [9] is **DENIED**.

**SO ORDERED,** this the 5th day of February 2009.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT COURT JUDGE**